UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FERNANDEZ,<br><br>                          Plaintiff,<br>          -against-<br><br>KKR & CO. INC., et al.,<br><br>                          Defendants. | 25-CV-05982 (DEH) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On December 9, 2025, I issued a report and recommendation to Judge Dale E. Ho that this case, which was filed in July 2025, should be dismissed without prejudice to Plaintiff filing and amended complaint if he can remedy the defects in the Complaint. (ECF 27.) On December 9, 2025, Plaintiff filed an objection to the report and recommendation and on December 23, 2025, Defendants filed a memorandum of law in opposition to Plaintiff's objection to the report and recommendation. (ECF 28-29.) On February 19, 2026, the Parties filed a Stipulation of Voluntary Dismissal, dismissing the action with prejudice. (ECF 31.) On February 32, 2026, Judge Ho so ordered the Stipulation of Voluntary Dismissal. (ECF 32.) On February 25, 2026, Plaintiff filed a Motion to Seal (ECF 33), requesting the Court to seal Exhibit 3 of his complaint, which are Plaintiff's Forensic Medical Report (ECF 1 at 25-46).

There is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents," meaning documents relevant to the performance of a judicial function and useful in the judicial process; if the documents are judicial

documents, the Court then determines the "weight" of the presumption of public access; and finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.*

Any sealing order must be "narrowly tailored," preserve privacy concerns, this includes allowing the parties to file documents in redacted form or the Court making redactions to the documents at issue. *See id.* at 124; *see also United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (recognizing that "it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document" while protecting the identities of cooperating witnesses and to protect other confidential law enforcement information); *Brown v. Maxwell*, 929 F. 3d, 41, 51 (2d Cir. 2019) (discussing the supervisory powers a court has "over its own records and files," including by granting protective orders, placing filings under seal, and striking material); *Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 232 (D. Conn. 2019) (discussing how the district court's "supervisory power is routinely used to redact or otherwise restrict access to sensitive personally identifying information contained in court documents").

Here, Plaintiff's forensic medical report is not a judicial document; while normally a "Complaint and its supporting exhibits are plainly judicial documents subject to a presumption of public access" (*Rosario v. Community Housing Management Corp.*, No. 7:22-CV-9855 CS-VR, 2024 WL 836482 at *2 (S.D.N.Y. Feb. 28, 2024)), the action here was voluntarily dismissed with prejudice (*See* ECF 32). Because the action was dismissed, "the complaint's contents [play] no role in [any] judicial function," rendering the complaint and its exhibits not a judicial document. *Reynolds v. Mercy Investment Services, Inc.*, No. 24-CV-0362 (NJC) (JMW), 2024 WL 496719, at *4 (E.D.N.Y. Feb. 8, 2024). *See also* Order on Sealing at 3, *Zappin v. Cohen*, No. 15-cv-7271 (PKC) (JCF)

2

(S.D.N.Y. May 27, 2016), ECF No. 24 (holding that the complaint in a dismissed action was not a judicial document).

Even if Plaintiff's forensic medical report were a judicial document, sealing would still be warranted because the "sealing of Plaintiff's medical records is necessary to protect Plaintiff's privacy interest in his medical information," and the sealing request is narrowly tailored to protect such interests. *Davidson v. Brann*, No. 20-cv-09500 (LGS) (SDA), 2022 WL 18539302, at *7 (S.D.N.Y. Dec. 13, 2022), *report and recommendation adopted*, No. 20-cv-09500 (LGS), 2023 WL 1402021 (S.D.N.Y. Jan. 31, 2023). *See also e.g. McGuirk v. Swiss Re Fin. Servs. Corp.*, No. 14-cv-9516, 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015) ("Medical information is among the types of information often made subject to a sealing order"); *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-CV-0476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) ("[C]ourts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information.").

For the foregoing reasons, Plaintiff's motion is GRANTED.  The Clerk of Court is respectfully directed to seal ECF 1 and terminate ECF 33.  Additionally, because the exhibits filed with the Complaint are part of the same document file as the Complaint itself, Plaintiff is ordered to refile the Complaint, replacing the sealed contents of Exhibit 3 (*See* ECF 1 at 26-46) with a single blank page by **March 18, 2026**.

DATED:  March 4, 2026                                    SO ORDERED.
         New York, NY

                                                _____

                                                **ROBYN F. TARNOFSKY**
                                                United States Magistrate Judge